IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT DEVINE                                                                                     PLAINTIFF

v.                                 Civil No. 4:18-CV-04156

WARDEN JEFFIE WALKER, SERGEANT                         DEFENDANTS
ALLEN SANDERS, NURSE KING, and
SHERIFF RUNION

## ORDER

      This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Currently before the Court is Defendants' Motion to Stay and Administratively Terminate this case. (ECF No. 28).

      Defendants state that Plaintiff is currently incarcerated in the Louis C. Powledge Unit of the Texas Department of Criminal Justice ("TDCJ"). This unit is in the City of Palestine, Anderson County, Texas. Plaintiff's projected release date is December 21, 2024. Defendants state they have been unable to secure Plaintiff's deposition due to scheduling difficulties, as well as the cost associated with travel and lodging. (*Id*. at 2). Defendants therefore request that Plaintiff's case be stayed and administratively terminated until such time as he is released or transferred to a correctional facility in the State of Arkansas. (*Id*.).

      The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Webb v. R. Rowland & Co., Inc.*, 800 F.2d 803, 808 (8th Cir. 1986) (a "district court also has the inherent power to grant a stay in order to control its docket, conserve judicial

1

resources, and provide for a just determination of the cases pending before it.") (quoting *Contracting Nw, Inc. v. City of Fredricksburg*, 713 F.2d 382, 387 (8th Cir. 1983)).

In *Reese v. Huskins*, Case No. 5:09-cv-05150, this Court previously recognized that a stay of proceedings is appropriate in an Arkansas civil rights action when the plaintiff is incarcerated in the TDCJ and the plaintiff's out-of-state incarceration poses difficulties regarding discovery and court appearances. In doing so, the Court noted that it has limited authority in civil cases to order the transport of an out of state prisoner to this division for a hearing. It further noted that the following factors are usually considered in determining whether to issue a writ: (1)the exigency of the court proceeding and the extent to which it is infused with the public interest; (2) the interest of the prisoner in presenting his testimony in person; (3) the interests of the government in maintaining the confinement of the prisoner; (4) security risks presented by the prisoner's presence; (5) the expense of the prisoner's transportation and safe-keeping; (6) whether reasonable alternatives to the inmate's attendance exist which would satisfy the needs of the litigants; and (7) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted. *Jerry v. Francisco*, 632 F.2d 252 (3d Cir. 1980); *Ballard v. Spradley*, 557 F.2d 476 (5th Cir. 1977); *Atkins v. City of New York*, 856 F. Supp. 755 (E.D.N.Y. 1994); *Miles v. Evans*, 591 F. Supp. 623 (N.D. Ga. 1984).

In his Amended Complaint, Plaintiff alleges that excessive force was used against him and he was then denied medical care while incarcerated in the Miller County Jail. (ECF No. 6). As such, Plaintiff's medical records are the primary source of the factual detail with respect to his claims. There is no exigency that weighs in favor of having the case heard now. After review of the file, and considering the factors outlined above, I believe this case should be stayed and administratively terminated until such time as Plaintiff is released from custody or transferred to a

correctional facility in the State of Arkansas.  Accordingly, **the Clerk is directed to remove this case from the Court's active docket by administratively terminating it.** The case can be reopened upon proper motion.

    IT IS SO ORDERED this 3rd day of May 2019.

                                            /s/ *Barry A. Bryant*
                                            HON. BARRY A. BRYANT
                                            UNITED STATES MAGISTRATE JUDGE