IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT DEVINE                                                                        PLAINTIFF

v.                                        Civil No. 4:18-CV-04156

WARDEN JEFFIE WALKER, *et. al.*                                             DEFENDANTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Motion to Appeal *in forma pauperis*. (ECF No. 38).

### **I. BACKGROUND**

Plaintiff's case was stayed and administratively terminated on May 3, 2019, due to Plaintiff's incarceration within the Texas Department of Criminal Justice ("TDCJ"). (ECF No. 30). This matter is to remain stayed until such time as Plaintiff is released from custody or transferred to a correctional facility in the State of Arkansas. (*Id*.).

Plaintiff filed an Objection to this Order on May 16, 2019. (ECF No. 31). He then filed a Motion for Relief from the Order (ECF No. 32) and a Motion to Join Defendants (ECF No. 33) on May 17, 2019. The Court entered an Order denying these Motions on August 6, 2019. (ECF No. 34). In the Order, the Court noted that the Order staying the case was not a final Order or Judgment but was instead a stay that could be removed when Plaintiff was either released from TDCJ custody or transferred to a correctional facility in the State of Arkansas. The Court further noted that

1

Plaintiff had not provided persuasive reasons to lift the stay. (*Id*.). Plaintiff's Motion to Join Defendants (ECF No. 33) was denied without prejudice to Plaintiff renewing it, if desired and appropriate, when this matter is reopened. (*Id*.).

Plaintiff filed his Notice of Appeal regarding the stay on August 22, 2019, and his Motion for Leave to Appeal *in forma pauperis* on September 10, 2019. (ECF No. 35, 38).

## II. LEGAL STANDARD

28 U.S.C. § 1915 governs applications for leave to appeal in forma pauperis. 28 U.S.C. § 1915(a)(1) provides:

> ". . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "Good faith," within the meaning of the statute, must be judged by an objective and not subjective standard, and a litigant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

## I. ANALYSIS

The jurisdiction of an appellate court such as the Eighth Circuit is, "with few exceptions ... limited to 'final decisions' of the district court." *Tenkku v. Normandy Bank*, 218 F.3d 926, 927 (8th Cir. 2000); *see also* 28 U.S.C.A. § 1291. "[A] decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the [district] court to do but execute the judgment." *Cunningham v. Hamilton County,* 527 U.S. 198, 204, (1999). "The only time that an order granting a stay will be considered a final order is if [the stay] is tantamount to a dismissal

and [the stay] effectively ends the litigation." *Kreditverein der Bank Austria Creditanstalt fur Niederosterreich und Bergenland v. Nejezchleba*, 477 F.3d 942, 946 (8th Cir. 2007) (alterations in original) (citation omitted).

Here, Plaintiff is attempting to appeal an Order staying his case until he is either released from TDCJ custody or transferred to a correctional facility in the State of Arkansas. As this is not an immediately appealable final order, Plaintiff's appeal is not taken in good faith. I therefore recommend that Plaintiff's Motion to Appeal IFP (ECF No. 38) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

**DATED** this **12th day of September 2019**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE