IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT DEVINE                                                                                                    PLAINTIFF

v.                                              Civil No. 4:18-CV-04156

WARDEN JEFFIE WALKER, *et. al*.                                                                    DEFENDANTS

**ORDER**

After thorough consideration, I find it is appropriate to *sua sponte* appoint counsel for the Plaintiff under 28 U.S.C. § 1915(e)(1). This section provides that: "the court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). While there is no constitutional or statutory right to appointed counsel in civil cases, the Court may request counsel to represent a person unable to afford counsel in a civil case. *See* 28 U.S.C. § 1915(e)(1); *see also Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir. 2005). The Court may request counsel represent an indigent *pro se* litigant, if the Court determines it is necessary, but only after the litigant has met his burden of showing that his claims are not frivolous. *See Edgington,* 52 F.3d at 780. The decision to appoint counsel in civil cases is committed to the discretion of the district court. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Plaintiff was represented at the Eighth Circuit Court of Appeals for this case by Christopher S. Swiecicki, with the law firm of Swiecicki and Muskett, LLC, 16100 Chesterfield Parkway West, Ste. 308, Chesterfield, Missouri, 63017. Mr. Swieciki has agreed to continue his representation in this District. I hereby appoint Christopher S. Swiecicki to represent Plaintiff in this matter, subject to his admission to practice in this District.

Counsel is advised the Court only has funds available to pay reasonable out-of-pocket expenses he incurs in this representation. No federal funds are available to pay attorney's fees to counsel appointed under the provisions of 28 U.S.C. § 1915. In the event Plaintiff is a prevailing party at trial, counsel may certainly move for attorney's fees and costs under 42 U.S.C. § 1988.

Pursuant to Rule 83.6 of the Local Rules for the Eastern and Western Districts of Arkansas the Court may pay reasonable out-of-pocket expenses only where no funds are available from other sources to cover those expenses. The Court's authority to pay out-of-pocket expenses is limited. No single expenditure can exceed the amount of $500 without the attorney seeking the prior written approval of this court. Expenditures in excess of $500 require approval of this Court and of the Clerk of Court as to the impact of the expenditure on the fund.

Counsel is further advised that he should seek prior written approval of this Court before taking or incurring any single expenditure that exceeds the amount of $250.

The Clerk of the Court is **DIRECTED** to serve this order and the appropriate documents for full and *pro hac vice* admission by certified mail to Christopher S. Swiecicki, Swiecicki and Muskett, LLC, 16100 Chesterfield Parkway West, Ste. 308, Chesterfield, Missouri, 63017. Mr. Swiecicki is **DIRECTED** to enter an appearance in this matter and sign up to receive electronic notifications via CM/ECF once his admission to this District is approved.

IT IS SO ORDERED this 19th day of March 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE