IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT DEVINE                                                        PLAINTIFF

v.                                    Case No. 4:18-cv-4156

WARDEN JEFFIE WALKER, *et al*.                                DEFENDANTS

**ORDER**

Before the Court is a Motion to Affirm Stay (ECF No. 53) filed by Defendants Walker, Runion, and Sanders, and a Motion to Affirm Stay (ECF No. 55) filed by Defendant King. Plaintiff has filed a motion requesting that the stay in this matter be vacated and a trial date set. ECF No. 57. The Court finds these motions ripe for consideration.

**BACKGROUND**

On November 18, 2018, Plaintiff filed his Complaint against Defendants pursuant to 18 U.S.C. § 1983. ECF No. 1. Plaintiff brought claims of excessive force, deliberate indifference to health and safety related to his medical treatment, failure to train personnel, and gross negligence, all related to his confinement in Miller County Jail. *Id*. at p. 5-18. On December 3, 2018, Plaintiff filed an Amended Complaint which removed the claim for gross negligence.[1] ECF No. 6.

On April 29, 2019, Defendants Runion, Sanders, and Walker filed a Motion to Stay this matter. ECF No. 28. Those Defendants stated that Plaintiff's current incarceration in Texas presented undue difficulty in taking Plaintiff's deposition and would require significant expenses to accomplish. ECF No. 29, p. 1-2. Therefore, they argued that the matter should be stayed until Plaintiff is released or transferred to a correctional facility in Arkansas. *Id*. at p. 2-3. On May 3,

---

[1] Plaintiff's initial Complaint named Defendants Barnes, Cornell, Hennesey, King, Miller County Jail, Allen Sanders, Jeffie Walker, and John Doe Officers 1-3. ECF No. 1. Plaintiff's Amended Complaint added Sheriff Runion as a Defendant. ECF No. 6. The Court later dismissed the claims against Defendants Hennesey, Barnes, and Cornell without prejudice. ECF No. 27.

2019, Judge Bryant granted the Motion to Stay and administratively terminated the proceedings in this matter. ECF No. 30. On May 16, 2019, Plaintiff filed an Objection to Defendant's Motion to Stay, which was functionally a response in opposition. ECF No. 31. On May 17, 2019, Plaintiff filed a Motion for Relief (ECF No. 32) from Judge Bryant's Order (ECF No. 30) staying this matter, which was functionally an objection to his order. On August 6, 2019, Judge Bryant denied Plaintiff's Motion for Relief (ECF No. 32) from the order enacting the stay. ECF No. 34.

On August 22, 2019, Plaintiff appealed Judge Bryant's denial (ECF No. 34) of his motion for relief from the order enacting the stay. ECF No. 35. The Eighth Circuit subsequently agreed to hear Plaintiff's appeal. ECF No. 37. The Eighth Circuit issued its opinion in the appealed matter and determined that Plaintiff's Motion for Relief (ECF No. 32) should have been considered as an objection to Judge Bryant's order (ECF No. 30) enacting the stay. ECF No. 46-1, p. 3. The Eighth Circuit concluded that while it did not ultimately have jurisdiction to hear a direct appeal of Judge Bryant's non-dispositive order, it noted that Plaintiff's objections to the stay should have been considered by this Court under Federal Rule of Civil Procedure 72(a) before the stay was enacted by Judge Bryant. *Id*. at p. 3-4. Accordingly, the Eighth Circuit dismissed the appeal and remanded the matter back to this Court.[2] ECF No. 46-2.

On June 17, 2021, Defendants Runion, Sanders, and Walker filed their Motion to Affirm Stay in light of the Eighth Circuit's determination that this Court should evaluate Plaintiff's objections to the stay of this matter. ECF No. 53. Defendant King filed a Motion to Affirm Stay the following day which simply endorsed the motion by the other Defendants requesting that this Court uphold the stay issued by Judge Bryant. ECF No. 55. Plaintiff subsequently filed a motion

---

[2] The Eighth Circuit's full opinion regarding Plaintiff's appeal can be found as *Devine v. Walker*, 984 F.3d 605 (8th Cir. 2020).

in which he clearly indicates his opposition to the stay and requests this Court set a trial date for this matter. ECF No. 57.

## DISCUSSION

Defendants argue that this matter should be stayed due to Plaintiff's current incarceration in Texas. ECF No. 54, p. 1-2. Defendants contend that the expenses and logistical challenges presented by taking Plaintiff's deposition while he is confined within a Texas Department of Criminal Justice (TDCJ) facility warrant delaying the proceedings to avoid unnecessary hardship. *Id*. at p. 2-5. Defendants further contend that the stay will not prejudice Plaintiff because every avenue for recovery he currently has will be remain available to him once the stay is lifted and because all the evidence has been preserved. *Id*. at p. 7-8. Defendants note that there was a previous determination in the Western District of Arkansas that a stay of a matter is appropriate in light of a plaintiff's incarceration out of state and the difficulties presented by having that plaintiff transported for an in-court hearing. *Id*. at p. 4-5 (citing *Reese v. Huskins*, Case No. 5:09-CV-05150 (W.D. Ark.), ECF No. 95). Defendants also note that the TDCJ has previously ignored orders from a district court to produce an individual in its custody for a civil trial in a neighboring state and that it would be wise to avoid similar conflicts when it is not necessary. ECF No. 54, p. 6 (citing *Williams v. Beauregard Par.*, No. 2:08- CV-355, 2014 WL 1030042 (W.D. La. Mar. 17, 2014)). Defendants also note that there could be additional logistical issues presented by the ongoing Covid-19 pandemic. ECF No. 54, p. 8.

Plaintiff has argued that the stay of proceedings is inappropriate. ECF Nos. 31, 57, 60. As to the Defendants citing *Reese v. Huskins* as an example of the Western District granting a stay in a similar instance, Plaintiff contends that the situation is markedly different because that matter was at the trial stage and would require transportation of a prisoner and not simply travel by

attorneys. ECF No. 31, p. 2. Plaintiff also contends that the delay would be prejudicial because it increases the likelihood that his recollection will not be as comprehensive in a deposition as it could be at this time. *Id*. at p. 2-4. Plaintiff makes erroneous arguments regarding the statute of limitations being impacted by the stay and fails to understand that filings, and not adjudication, are what must take place within a certain time period. ECF Nos. 31, 57.

A district court may stay proceedings "in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." *Webb v. R. Rowland & Co., Inc.*, 800 F.2d 803, 808 (8th Cir. 1986) (citation omitted). The decision to grant or deny a party's request for a stay is within the discretion of the district court, so long as it is not a clear abuse of discretion. *See id*. (citation omitted). The party requesting a stay bears the burden of showing why it is needed. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997). While incarcerated individuals do have restricted rights in pursuing civil actions, reasonable alternatives to indefinite stays should be considered before granting a request to stay a matter until a plaintiff's release from confinement. *See Muhammed v. Warden, Baltimore City Jail*, 849 F.2d 107, 112 (4th Cir. 1988) (citing *Wimberly v. Rogers*, 557 F.2d 671, 673 (9th Cir. 1977)).

The Court finds that a stay in this matter is unnecessary and unwarranted at this time. The example of *Reese v. Huskins* cited by Defendants is distinguishable from this situation because the transportation of an incarcerated plaintiff is not the difficulty the Defendants are concerned with in this matter. Instead, the expenses and time required for Defendant's counsel to travel for a deposition of Plaintiff is their primary justification for maintaining the stay. The Court views that as the hardship incidental to litigation and not an obstacle worthy of administratively terminating this matter for an indefinite period. The Court notes Defendant's general concerns about the difficulties of taking Plaintiff's deposition while he is in a TDCJ facility and any particular

concerns regarding the added difficulties presented by the ongoing Covid-19 pandemic. However, the increased availability of video communications for litigation proceedings that has arisen during the pandemic further weighs against the Defendants argument that conducting a deposition at this time is not feasible.[3] The Court also notes Defendants' concerns regarding the potentially uncooperative nature of the TDCJ in light of the situation outlined in *Williams* in which the TDCJ refused to transport an incarcerated plaintiff. 2014 WL 1030042 (W.D. La. Mar. 17, 2014). However, this matter does not at this time require the transportation of Plaintiff by the TDCJ, and the Court will not broadly assume a similar lack of cooperation by the TDCJ for accommodating a deposition of Plaintiff within their facility. Accordingly, the Court finds that the stay in this matter is not justified and should be vacated.

## DISCUSSION

For the reasons stated above, the Court finds that Defendants' Motions to Affirm Stay (ECF Nos. 53, 55) should be and hereby are **DENIED**. Plaintiff's Motion to Schedule Trial Date (ECF No. 57) is **GRANTED IN PART**.[4] The stay in this matter is hereby **VACATED**. This matter is referred back to Judge Bryant for further proceedings.

**IT IS SO ORDERED**, this 16th day of August, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[3] A district court should consider the availability of video methods to advance litigation as an alternative to an indefinite stay of proceedings that will last until the end of a plaintiff's incarceration. *See Muhammed v. Warden, Baltimore City Jail*, 849 F.2d at 111.

[4] Plaintiff's request that the stay be lifted is granted, but the Court makes no determinations on a trial date or the appointment of counsel.