IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT DEVINE                                                                                    PLAINTIFF

VS.                                  Civil No. 4:18-CV-04156 SOH-BAB

JEFFIE WALKER, WARDEN
JACKIE RUNION, SHERIFF
ALLAN SANDERS, SERGEANT                                                       DEFENDANTS

STEVEN KING, NURSE                                                                    DEFENDANT

**OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This action was filed under 28 U.S.C. § 636(b)(1), (3), before the Honorable Susan O. Hickey, Chief United States District Judge, and referred to the Honorable Barry A. Bryant, United States Magistrate Judge for report and recommendation. Plaintiff now timely objects to the Report and Recommendation from December 19, 2022 (Doc. No. 102, PageID #: 755) and does affirmatively and specifically state and allege:

**I.     Plaintiff's objections to findings of fact and conclusions of law for Plaintiff's claims of excessive force and denial of medical care.**

**A.     Objections to findings of fact**

First, Plaintiff objects to the finding that he "does not dispute that he failed to exhaust any grievances concerning his claims of excessive force or lack of medical care for his corneal abrasion." (Doc. No. 102, PageID #: 760, 767).

Second, Plaintiff objects to the finding that he was diagnosed with corneal dystrophies which caused or may have caused corneal erosion in his eyes. The Magistrate researched this issue when presented with an affidavit from Defendants' most recent expert witness; he recommends a citation to www.webmd.com, which Plaintiff has reviewed.

1

Although Plaintiff does not produce a new physician's report on summary judgment, and respectfully notes the Magistrate's research in this matter, Plaintiff contends that he did make citations to the record and include such exhibits showing evidence to meet proof with proof, such as:

(1) UAMS Hospital records, (Doc. No. 97-3, PageID #: 619), showing a description of "injury of conjunctiva and corneal abrasion without foreign body, right eye, subsequent encounter."

(2) Records that plaintiff was prescribed two types of medications from UAMS on February 23, 2017: "ofloxacin" and "erythromycin."

(3) UAMS records from February 2017 showing history of left eye pain "characterized as aching and throbbing" and "occurring constantly." (Doc. No. 97-7, PageID #: 691).

(4) TDCJ Ophthalmology Clinic records showing Plaintiff's HPI was recorded as "prior corneal trauma OS in January of 2017 when he was assaulted and scratched his left eye while in jail in Arkansas and was sprayed with pepper spray in both eyes." (Doc. No. 97-7, PageID #: 691). On May 14, 2018, Plaintiff's "eyes [were] still improving;" Plaintiff notes that his eye injuries were referred to as "improving" but never as fully healed or cured as alleged by Defendants and adopted by the Magistrate. (Doc. No. 97-1, PageID #: 598, 600). Given the summary judgment standards as expressed by the Magistrate, the TDCJ records meet proof with proof and do not constitute a story which is in blatant contradiction with the record. Instead, given that a March 2017 document in the record states a corneal abrasion is healed and that a May 2018 document in the record states that the abrasion was "improving" shows that there are material facts on which a reasonable juror might rely to find in favor of the non-moving party, the Plaintiff.

B.     **Objections to conclusions of law**

First, Plaintiff objects to the conclusion that "the record 'shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." (Doc. No. 102 PageID #: 765) (quoting Fed. R. Civ. P. 56(a)).

Second, Plaintiff objects to the conclusion that he failed to show sufficient evidence to support a jury verdict in his favor. (Doc. No. 102 PageID #: 765).

Third, Plaintiff objects to the conclusions that his arguments not mentioned on page 7 of the Report and Recommendation are without metrit. (Doc. No. 102 PageID #: 761).

Fourth, Plaintiff objects to the conclusion that his arguments do not support a claim that he is eligible for an exception to the PLRA exhaustion requirement. In his Brief, Plaintiff specifically alleged that his facts fell under the "unavailability" label as described in *Ross v. Blake*, 136 S. Ct. 1850, 1853-54 (2016). (Doc. No. 97 PageID #: 571) Further, Plaintiff argues that "tension between two prison reporting systems" does in fact exist here. Plaintiff stated the tension between the grievance procedure and the medical procedure. Plaintiff asserts that a reasonable juror might likewise find this tension and use that understanding when making a finding of fact in Plaintiff's favor.

## Conclusion

Plaintiff objects to the finding that his claim for excessive force and denial of medical care be dismissed without prejudice.

**CERTIFICATE OF SERVICE**

      I certify that I have on this date, served a true and correct copy of the foregoing Motion on the parties registered to this case in eflex:

*/s/ DeeAnna Weimar*

_____
DeeAnna Weimar
Co-Counsel for Plaintiff
Weimar Law Offices, PA
P.O. Box 58, Greenwood, AR 72936
479-996-0887 | weimarlaw@hotmail.com

*/s/ Alexander Wyrick*

_____
Alexander Wyrick, ABN 2020285
Alexander L. Wyrick Law Firm, PLLC
P.O. Box 472, Greenwood, AR 72936
479-252-5164 | alexander@wyrick.legal