IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT DEVINE                                                                                            PLAINTIFF

v.                                             Case No. 4:18-cv-4156

WARDEN JEFFIE WALKER, *et al*.                                                              DEFENDANTS

**ORDER**

  Before the Court is a Report and Recommendation issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 102. Plaintiff has objected. ECF No. 103. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

  Plaintiff filed his Complaint on November 15, 2018, and an Amended Complaint on December 3, 2018.[1] ECF Nos. 1, 6. At the time of filing for both Complaints, Plaintiff was incarcerated in the Jester 3 Unit of the Texas Department of Criminal Justice. ECF No. 1 at pp. 3, 23; ECF No. 6 at pp. 2, 26. Plaintiff's claims center on his incarceration in the Miller County Detention Center ("MCDC") from January 9, 2017, until his release to the Texas Department of Criminal Justice on May 5, 2017. ECF No. 6.

  Plaintiff brings three claims against Defendants pursuant to 42 U.S.C. § 1983. Claim one is against Defendants Sanders, Cornell, and Barnes, and alleges that he was subjected to the use of excessive force upon his booking into the MCDC on January 9, 2017. ECF No. 6, p. 6. Plaintiff states that unnamed John Doe officers held him while Defendants Sanders and Cornell struck him in the face and body prior to placing him in a solitary psychiatric cell. *Id*. at p. 7-8. Plaintiff alleges that he suffered cuts to his face and an abrasion on his eye from the use of force. *Id*.

---

[1] The Court utilizes parts of Judge Bryant's summation of the record in the instant Report and Recommendation to provide the necessary background for this order.

Plaintiff also alleges that Defendant Hennessy sprayed him in the eyes with pepper spray on January 12, 2017. *Id*. at p. 9. Plaintiff alleges that these uses of force resulted in him being diagnosed with a corneal abrasion. *Id*. at pp. 11, 14. Claim two is against Defendants Walker and King and alleges that Plaintiff was denied appropriate medical care for his eye injuries between March 3, 2017, and May 5, 2017. *Id*. at p. 14. Claim three is against Defendant Runion and alleges a failure to train MCDC staff, which resulted in the excessive force incident underlying Plaintiff's first claim. *Id*. at p. 21-23. Plaintiff's claims are against Defendants in their individual and official capacities. *Id*. at pp. 6, 14, 21. Defendants Hennesy, Barnes, and Cornell were dismissed on January 2, 2019 (ECF No. 27), and Defendants John Doe Officers 1-3 were dismissed on June 15, 2022 (ECF No. 99).

Defendant King filed a motion for summary judgment on March 22, 2022. ECF No. 80. Defendant King argues that the record indicates that Plaintiff's eye injury healed by March 3, 2017, that he cannot be held vicariously liable for the actions of others, and that Plaintiff failed to state any policy or custom for his official capacity claim. Defendant King also contends that Plaintiff failed to exhaust his administrative remedies while in the MCDC and that his claim is therefore barred. Defendants Walker, Runion, and Sanders ("MCDC Defendants") filed their motion for summary judgment on March 29, 2022. ECF No. 84. The MCDC Defendants argue that there is no medical evidence connecting an eye injury to the alleged excessive force incident and that there is no evidence that any MCDC personnel deliberately failed to provide medical care. They also argue that Plaintiff failed to exhaust his administrative remedies and that Plaintiff failed to allege any support for his failure to train claim against Defendant Runion. They further argue that they are entitled to qualified immunity for the individual capacity claims and that Plaintiff failed to allege that any MCDC policy violated his rights for the official capacity claims.

Plaintiff responded in opposition to the motions for summary judgment. ECF Nos. 94, 95, and 97. Plaintiff argues that the administrative remedies in the MCDC were not functionally available because of the overly demanding grievance process in place. Plaintiff further argues that his medical requests functioned as a grievance. The MCDC Defendants' argue in reply that the facts alleged by Plaintiff do not change that he failed to exhaust his administrative remedies or that he cannot possibly prevail on his claims. ECF No. 100. Defendant King adopted the MCDC Defendants' reply. ECF No. 101.

Judge Bryant issued the instant Report and Recommendation on December 19, 2022. ECF No. 102. Judge Bryant determined that Plaintiff's alleged facts indicate that he failed to exhaust his administrative remedies and thus his claims for excessive force and denial of medical care should be dismissed without prejudice. *Id*. at p. 12-16. Judge Bryant then noted that the MCDC Defendants did not specifically contend that the failure to train claim against Defendant Runion was similarly barred and argued this claim on the merits in their motion for summary judgment. *Id*. at p. 16 n8. Analyzing the failure to train claim on the merits, Judge Bryant states that Plaintiff failed to provide any facts to support his assertion that Defendant Runion failed to adequately train, supervise, or discipline MCDC staff or that he was aware of constitutional violations by MCDC staff. *Id*. at p. 16-17. Therefore, Judge Bryant determined that Defendant Runion is entitled to qualified immunity and Defendants are entitled to summary judgment on this claim. *Id*. In conclusion, Judge Bryant recommends that Plaintiff's claims for excessive force and denial of medical care be dismissed without prejudice for failure to exhaust administrative remedies and that Plaintiff's claim for failure to train be dismissed with prejudice.[2] *Id*. at p. 17.

---

[2] As Judge Bryant noted, claims that are barred for failure to exhaust administrative remedies are dismissed without prejudice. *See Sergent v. Norris*, 330 F.3d 1084, 1085 (8th Cir. 2003).

On January 6, 2023, Plaintiff filed objections to the instant report and recommendation. ECF No. 103.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted). Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *See id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable fact finder to return a verdict for either party. *See id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in the light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *See Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. A party that fails to respond to any basis of a motion for summary judgment effectively waives any argument in opposition to that aspect of a motion for summary judgment. *See Department of Labor v. EJ's Cleaning Services, Inc.*, 2020

4

WL 1432048 at *1 (E.D. Ark. March 19, 2020) (citing *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009)).

An objection to a magistrate's report and recommendation must be both specific and timely to trigger *de novo* review. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (specific objections shift a court's review from one which scrutinizes for plain error to one in which the issues are reviewed *de novo*); 28 U.S.C. § 636(b)(1); *see also Devine v. Walker*, 984 F.3d 605, 607 (8th Cir. 2020) (noting that pro se filings must be construed liberally). The Court finds that Plaintiff made one specific objection regarding Judge Bryant's determination that Plaintiff failed to exhaust his administrative remedies and that his first two claims should be dismissed without prejudice.[3] Accordingly, the Court will conduct a de novo review of that aspect of the instant report and recommendation.

### A. Exhaustion of Administrative Remedies

Both motions for summary judgment argue that Plaintiff failed to exhaust the administrative remedies available at the MCDC prior to filing his claims. ECF No. 81, p. 10-11; ECF No. 86, p. 4-5. Each motion notes that the Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies prior to commencing an action. Both motions further note that there is a specific procedure for grievances outlined in the MCDC's policy handbook related to the issues underlying Plaintiff's claims. All Defendants contend that the uncontested record shows that Plaintiff never filed a single grievance pursuant to the MCDC procedures regarding any of the issues underlying the claims in his complaint. Therefore,

---

[3] Plaintiff's other objections to Judge Bryant's legal determinations simply state that he objects without offering any further argument as to why the conclusion is flawed. Even construed liberally, the Court does not consider such conclusory and barebones objections to be specific enough to warrant a *de novo* review of those conclusions.

Defendants conclude that Plaintiff's claims are barred for failing to exhaust the administrative remedies available at the MCDC.

Plaintiff argues in response that his claims should not be barred. ECF No. 97, p. 4-9. Plaintiff asserts that the administrative remedy within the MCDC was not truly "available" and thus his failure to utilize it does not preclude his claims. Plaintiff notes that the MCDC policies require that a prisoner file a formal written complaint and receive a response before filing a separate grievance. Plaintiff contends that this procedure is too burdensome and difficult to understand, that the MCDC staff has too much discretion to respond to complaints, and that Plaintiff's multiple requests for medical treatment functioned the same as submitting a grievance.

Judge Bryant's report and recommendation determined that Plaintiff failed to exhaust his administrative remedies while in the MCDC. ECF No. 102, p. 12-16. Judge Bryant noted that Plaintiff never alleges that he attempted to fully utilize the complaint and grievance procedures and that there is nothing in the record that shows Plaintiff attempted to utilize these procedures. Further noting that the individual prison's policies are what define the required administrative remedies to utilize, Judge Bryant concludes that Plaintiff clearly failed to exhaust the administrative remedies available to him in the MCDC. Thus, Judge Bryant recommends that Plaintiff's excessive force and denial of medical care claims should be dismissed without prejudice. Judge Bryant stated that Plaintiff's argument regarding MCDC staff's failure to answer his initial complaint is not persuasive because Plaintiff never provided a copy of those complaints. Without those complaints in the record, Judge Bryant concluded that the record contradicts Plaintiff's assertion that his initial complaints were ignored. Judge Bryant was also not persuaded by Plaintiff's argument regarding the difficulty in following the required grievance procedures because the record indicates Plaintiff was able to successfully utilize the medical request procedure

on twenty-two occasions.  Judge Bryant found that this shows Plaintiff was fully capable of utilizing the MCDC procedures.

Plaintiff's lone relevant objection contests Judge Bryant's conclusion that the MCDC administrative remedies were sufficiently "available" to him.  ECF No. 103, p. 3.  Plaintiff argues that his allegations regarding the complexity of the grievance procedure indicate that there is a genuine question as to whether that remedy was truly available and that his claims are thus barred for failure to utilize that procedure.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A prisoner's failure to exhaust the available administrative remedies "is an affirmative defense under the PLRA."  *Minter v. Bartruff*, 939 F.3d 925, 928 (8th Cir. 2019).  An inmate's subjective belief of the effectiveness of the available remedy is immaterial and they must pursue the remedy until "an adverse decision on the merits" at the remedy's final stage.  *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015).  The administrative remedies an inmate must exhaust will be defined by the policies of the facility in which the inmate is confined.  *See Jones v. Bock*, 549 U.S. 199, 218 (2007).  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id*.

Failure to exhaust administrative remedies will not bar an inmate's claims if the remedies were functionally "unavailable" to the inmate in one of three ways.  *See Ross v. Blake*, 578 U.S. 632, 643-45 (2016).  A remedy is unavailable when it operates as a "dead end" with no real capacity to address a grievance, when it is so complex and confusing that it is functionally

unusable, and when prison staff act to ensure that inmates are not able to properly utilize the grievance process. *See id*. Some ambiguity in the grievance process is not fatal, but a process that is so convoluted or confusing that is essentially "unknowable" to an ordinary prisoner is not an available remedy. *See id* at 644-45. A multi-step process in which informal complaints are a pre-requisite for filing a formal grievance does not render the administrative remedy unavailable. *See Townsend v. Murphy*, 898 F.3d 780, 783-84 (8th Cir. 2018) (necessity of filing an informal complaint prior to formal grievance did not make administrative remedy unavailable); *Porter*, 781 F.3d at 450-52 (requirement that inmate file an Informal Resolution Request and receive a response prior to filing a formal grievance did not make process administrative remedy unavailable).

The MCDC's grievance process, as summarized by Judge Bryant, is as follows: the MCDC policy controlling administrative exhaustion at the time of Plaintiff's incarceration was "Inmate Rights, Complaints & Grievances SOP 09.01." ECF No. 85-1 at p. 6-12. The policy outlines a three-step grievance process which starts with a written complaint as the informal stage of the process, proceeds to a formal grievance, and ends with a grievance appeal. *Id.* at p. 6. A written complaint is to be submitted through the KIOSK in the inmate housing area. *Id*. at pp. 6, 9. Inmates are informed at the beginning of the policy that "[a] grievance can only be made subsequent to filing a written complaint and receiving a written response." *Id*. at p. 6. If an inmate wishes to proceed to the formal grievance stage, the grievance must be submitted on a "Request for Administrative Remedy Form, jail form 09.01A." This form is available in hard copy from a shift officer or supervisor. *Id*. at p. 9. It is also available on the KIOSK. *Id*. at p. 2. The form is then routed to either the Facility Warden or the Risk Management Officer, where it is given a case number and logged. *Id*. at p. 11. If the inmate is not satisfied with the grievance response, he or she may appeal the decision. *Id*. at p. 11-12. The appeal requires the inmate to simply write that

they wish to appeal on the Inmate Acknowledgment Form that they receive with the decision. *Id*. at p. 11. The inmate has 15 days after the grievance decision to appeal. *Id*.

The Court finds that Judge Bryant's conclusion is correct. Plaintiff has not pointed to anything in the record indicating that he exhausted his administrative remedies while in the MCDC or that he ever attempted to use the complaint and grievance process to address the matters underlying his claims. Thus, Plaintiff clearly did not exhaust the administrative remedies offered by the MCDC and his claims are barred under the PLRA. *See Minter*, 939 F.3d at 928; 42 U.S.C. § 1997e(a). The Court is not persuaded that there is a genuine question regarding whether the MCDC's remedies were unavailable because of their complexity. Contrary to Plaintiff's assertion, the mere fact that it requires a multi-step process with a complaint preceding a formal grievance does not make the process unavailable or overly burdensome. *See Townsend*, 898 F.3d at 783-84; *Porter*, 781 F.3d at 450-52. Also, the Court does not find that the language of the MCDC's policies could be seen as so obtuse and confusing that it is functionally "unknowable" to a prisoner. *See Ross*, 578 U.S. at 644-45. Accordingly, Plaintiff failed to exhaust the administrative remedies available to him in the MCDC to address the acts underlying his excessive force and denial of medical care claims. Therefore, these claims must be dismissed.

**C. Failure to Train**

Plaintiff did not object to Judge Bryant's recommendation that his claim against Defendant Runion be dismissed with prejudice. Therefore, the Court must only conduct a review for plain error. *Griffini*, 31 F.3d at 692. Upon review, finding no clear error on the face of the record and that Judge Bryant's conclusion is sound, the Court adopts Judge Bryant's recommendation that Plaintiff's failure to train claim against Defendant Runion be dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated above, Judge Bryant's Report and Recommendation (ECF No. 102) is hereby adopted in *toto*.  Plaintiff's claims for excessive force and denial of medical care are hereby **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's claim against Defendant Runion for failure to train is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of March, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge